UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY Z. BRANDON                :
                                :   CASE No. 8:05-CV-816-T-30-TGW
                                :
v.                              :
                                :
CITY OF ST. PETERSBURG          :
_____ :

REPORT AND RECOMMENDATION

The affiant has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for her complaint which alleges against the City of St. Petersburg several forms of discrimination, including discrimination based on religion, disability, and sex (Doc. 2).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the affiant's complaint (Doc. 1) is a rambling and incoherent narrative that contains numerous frivolous allegations of wrongdoing. For example,

the affiant seemingly accuses the defendant of some type of religious impropriety based on promotion of "Devil Rays" baseball games because the devil is a villain (id. at p. 2, ¶c). Additionally, she requests that, in order to preclude the further degradation of women, "no more city keys [be] given to Miss Florida" (id. at p. 4, ¶3b).

The affiant has patently failed to satisfy the requirements of Rule 8, F. R. Civ. P. Thus, there is no statement of the grounds upon which the court's jurisdiction depends, and there is not a short and plain statement showing that the plaintiff is entitled to some relief. While the affiant "grieves" certain actions taken by the City of St. Petersburg, she has failed to allege how she has suffered any legally cognizable injury from those actions.

For the foregoing reasons, I recommend that the Motion to Proceed In Forma Pauperis (Doc. 2) be denied and that the case be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (ii).

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JUNE 24, 2005

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service

shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).